William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Sudip Kundu (*pro hac vice* to be submitted)
sudip.kundu@kundupllc.com
Matthew Cunningham (*pro hac vice* to be submitted)
KUNDU PLLC
1300 I Street NW
Suite 400E
Washington, DC 20005
Tel.: (202) 749-8372

Attorneys for Plaintiff
ADRIAN RIVERA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>REMINGTON DESIGNS, LLC d/b/a iCoffee,<br><br>Defendant. | Case No.: 2:16-cv-04676<br><br>**COMPLAINT FOR PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,232,871**<br><br>**DEMAND FOR JURY TRIAL** |

139314.1

Plaintiff Adrian Rivera for his complaint against Defendant Remington Designs, LLC d/b/a iCoffee ("Remington") alleges as follows:

## THE PARTIES

### Plaintiff Adrian Rivera

1. Plaintiff, Adrian Rivera, is an individual residing in Whittier, California.

2. Mr. Rivera is the founder, owner, and president of ARM Enterprises, Inc., also known as ARM Enterprises, Inc. ("ARM").

3. ARM is located at 16141 Heron Avenue, La Mirada, California, 90638. ARM is involved in the design, research and development, marketing, and distribution of products including reusable beverage capsules. ARM's focus is to develop quality products that are easy to use, environmentally friendly, and provide economical solutions to traditional coffee systems that can cause significant expense to consumers over time.

4. ARM's beverage capsules include the popular EZ-Cups and Eco-Fill capsules, versions of which are compatible with first and second generation Keurig beverage brewers.

### Defendant Remington

5. On information and belief, Defendant Remington is headquartered at 28165 Ave Crocker, Valencia, CA 91355. Remington sells beverage brewing capsules that compete with ARM's products. On information and belief, Remington sells its beverage capsules throughout the United States, including in this district.

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement of U.S. Patent No. 9,232,871, and arises under, among other things, the United States Patent Laws, 35 U.S.C. § 101, *et seq.* Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1338(a),

providing for federal question jurisdiction of patent infringement actions and exclusive jurisdiction of patent infringement actions in U.S. District Courts.

7. Venue is proper under 28. U.S.C. § 1391. Defendant has purposefully availed themselves of the privilege of transacting extensive business in the State of California.

8. Personal jurisdiction over Defendant is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and or 1400(b).

## BACKGROUND

9. Mr. Rivera's and his company, ARM Enterprises, Inc. are pioneers and market leaders in reusable products designed for single-serve brewing machines, such as Keurig machines.

10. Mr. Rivera and ARM have invested significant time and expense in developing intellectual property relating to reusable brewing capsules and using that intellectual property in developing products that are sold at major retailers in the United States including Bed Bath & Beyond, Target, and Amazon.com.

11. Defendant has used Mr. Rivera's intellectual property without authorization to sell products that not only infringe this intellectual property, but also to compete with ARM. As a result, Mr. Rivera and ARM have suffered not only the infringement of their intellectual property, but also lost profits.

## COUNT I

**Infringement of U.S. Patent No. 9,232,871 Under 35 U.S.C. § 271**

12. Mr. Rivera hereby repeats and incorporates by reference Paragraphs 1-11 as if fully set forth herein.

13. Mr. Rivera is the inventor of U.S. Patent No. 9,232,871 ("'871 patent") issued on January 12, 2016. The '871 patent is entitled "Single Serving Reusable Brewing Material Holder With Offset Passage for Offset Bottom Needle." A true and correct copy of the '871 patent is attached as Exhibit A.

14. Mr. Rivera owns all rights, title and interest in the '871 patent.

15. The '871 patent generally is directed to reusable capsules, or "coffee holders" that can be used in single-serve beverage brewers such as Keurig machines. Typically, Keurig machines have a brewing chamber in which a disposable K-Cup is inserted. The brewing chamber, comprises upper and lower halves in the Keurig machine. The upper half (picture below on the left) and the lower half (picture below on the right) each include a needle (shown in the red circle):



16. Below is a picture of the lower half of the brewing chamber with a disposable capsule inserted therein, just prior to closing the Keurig for brewing:



COMPLAINT
3

139314.1

17. The disposable capsule includes brewing material such as ground coffee. Brewed liquid is extracted through the use of the two needles. The upper needle punctures the top of the disposable capsule and provides an inflow of water into the capsule. The lower needle, located in the bottom of the brewing chamber, punctures the bottom of the capsule, permitting and receiving the outflow of brewed material.

18. On information and belief, Defendant sells single serve beverage brewers that are modeled after Keurig machines and are capable to brewing disposable K-Cups, in that Defendant's machine has upper and lower needles. On information and belief, one such machine is the iCoffee Express.

19. Disposable K-Cups have disadvantages. First, they are expensive given that one K-Cup provides only a single cup of coffee. Second, they are not recyclable and have created an environmental disaster as used K-Cups occupy landfills by the billions.

20. The '871 patent addresses these issues by providing a reusable coffee holder for Keurig machines that allow users to not only reuse the coffee holder, but to also allow them to brew their own coffee.

21. For example, claims of the '871 patent are directed to a beverage brewer such as a Keurig machine, in which a container adapted to hold brewing material is disposed. *See, e.g.,* the '871 patent at claim 8. The container includes a mesh filter, a cover, and a base, among other features. *Id*. The cover is configured to receive the upper needle of the beverage brewer and the container is configured to avoid the lower needle of the Keurig machine. *Id*.

22. Defendant's reusable capsules satisfy the claimed "container" elements of the asserted claims. These elements in combination with a beverage brewer, such as a Keurig machine lead to the direct infringement of the '871 patent.

COMPLAINT
4

23. For example, on information and belief, Defendant's products such as the iCup are reusable coffee holders that are specifically designed and intended to be used in single serve brewing machines with upper and lower needles such as the iCoffee Express. And when the iCup is combined with such a single-serve brewer, the combination includes all the features of the asserted claims of the '871 patent. Below are pictures of the iCup showing its mesh filter, cover (with an opening for the upper needle), and base that avoids the lower needle, as claimed in the '871 patent.

cover

opening for upper needle

mesh filter

COMPLAINT
5



Recess that avoid the lower needle

mesh filter

base

24. On information and belief, Defendant has infringed the '871 patent under Sections 271(a), (b), (c) and (f) through manufacturing, importing for sale, sale, offering for sale and use of its reusable beverage capsules including the iCup. This is a non-exhaustive identification of products and Mr. Rivera reserves the right to identify additional products after obtaining discovery.

25. On information and belief, Defendant infringes at least claims 8, 10, 11, 24, 25, and 26.

26. On information and belief, Defendant, encourages, induces and intends customers (e.g., retailers) to use, sell or offer for sale the infringing products and induces infringement of the '871 patent by end users. On information and belief, Defendant contributes to the infringement of others such as end users to directly infringe the '871 patent. The accused products are not staple articles of commerce and are not suitable for substantial non-infringing use. On information and belief, Defendant's actions are intentional and with knowledge of the '871 patent at least as of the filing and service of this Complaint.

27. In particular, on information and belief, Defendant induces infringement of the '871 patent and contributes to the infringement of the '871 patent by advertising and providing instructions to consumers that these products are to be used with a Keurig machine.

28. On information and belief, based on these advertisements and instructions, consumers directly infringe the '871 patent by using Defendant's accused products in Keurig machines.

29. For example, below are pictures of the iCoffee Express brewer comes with the iCup. The iCup is specifically designed to be used in single serve brewers such as the iCoffee Express.



Packaging of iCoffee Express brewer stating the brewer is compatible with the iCup

30. On information and belief, Defendant has caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Mr. Rivera for which there is no adequate remedy at law. Unless enjoined, Defendant will continue to infringe the '871 patent.

31. On information and belief, Defendant's infringement of the '871 patent is exceptional and entitles Mr. Rivera to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Mr. Rivera respectfully request the following relief:

A. Judgment that the '871 patent has been and continue to be infringed by Defendant;

B. For all damages sustained as a result of Defendant's infringement of the '871 patent, including a reasonable royalty, lost royalty income from its licensees, lost profits of its licensees, price erosion, and any and all other forms of damages Mr. Rivera is entitled to.

C. For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

D. For a preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees distributors, resellers, service partners, suppliers and all other persons acting in concert or participation with it from further infringement of the '871 patent;

E. For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

F. For all costs of suit; and

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 27, 2016　　　　　　WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
　　William A. Delgado
　　Attorneys for Plaintiff
　　ADRIAN RIVERA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: June 27, 2016

WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
William A. Delgado
Attorneys for Plaintiff
ADRIAN RIVERA